UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENA MIELKE,

                Plaintiff,

    v.

SCHINDLER ELEVATOR CORP., et al.,

                Defendants.

CASE NO. 2:25-cv-00256-TL

ORDER ON PLAINTIFF'S MOTION TO SEAL EXHIBIT B TO THE DECLARATION TO EVELYN WALLACE

This matter is before the Court on Plaintiff's Motion to Seal Exhibit B to the Declaration to Evelyn Wallace. Dkt. No. 37. Having considered Plaintiff's motion, Defendants' Statement in Support of Plaintiff's Motion to Seal (Dkt. No. 41), and the relevant record, the Court GRANTS Plaintiff's motion.

## I.   BACKGROUND

The Court incorporates the Plaintiff's factual background, which is unopposed (*see* Dkt. No. 41) into the present Order. *See* Dkt. No. 37 at 2.

ORDER ON PLAINTIFF'S MOTION TO SEAL EXHIBIT B TO THE DECLARATION TO EVELYN WALLACE – 1

## II.    LEGAL STANDARD

There is a strong presumption of public access to court-filed documents. Local Civil Rule ("LCR") 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In the Ninth Circuit, the standard turns on the nature of the filing.

A party seeking to seal records related to motions that are non-dispositive and unrelated to the merits of the case "need only satisfy the less exacting 'good cause' standard." *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1).

A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case" must "meet the high threshold of showing that 'compelling reasons' support secrecy." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1180. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Even if compelling reasons are identified, a sealing order must be narrowly tailored. *Kamakana*, 447 F.3d at 1182.

### III.    DISCUSSION

Here, the request to seal is for a document submitted in support of the Parties' joint discovery submission. Dkt. No. 37 at 2. Therefore, the Court applies the good cause standard in evaluating the request.

Exhibit B of Evelyn Wallace's declaration includes Defendant Schindler's 2020 Maintenance Control Program ("MCP"), which is subject to the Stipulated Protective Order (Dkt. No. 28) and has been marked "Confidential" by Defendant Schindler. Dkt. No. 37 at 2. Through a declaration from Cory Winchell, a general manager at Schindler Elevator Corporation, Mr. Winchell provides "all the major elevator/escalator companies treat their MCPs as trade secrets because those documents contain technical information about their maintenance practices, which could provide a business advantage to their competitors if their MCPs became widely known." Dkt. No. 42 (Winchell Decl.) ¶ 5. Such records have been found to meet even the higher compelling reasons standard for sealing on a dispositive motion. *See, e.g.*, *Symeonides v. Trump Ruffin Com., LLC*, 789 F. Supp. 3d 1005, 1024 (D. Nev. 2025) (finding compelling reason on a motion for summary judgment to seal MCP documents of elevator company). Accordingly, the Court finds the reasons provided for sealing exhibit B of Evelyn Wallace's declaration meet the lower good cause standard applicable to documents filed in relation to a discovery matter.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion (Dkt. No. 37).

Dated this 15th day of April, 2026.

Tana Lin
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO SEAL EXHIBIT B TO THE DECLARATION TO EVELYN WALLACE – 3